IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WILLIE C. FRANKLIN                                           PETITIONER
REG. #08045-062

V.                              NO.  2:05CV00152 JWC

LINDA SANDERS, Warden,                                      RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Willie C. Franklin, an inmate at the Federal Correctional Institution in Forrest City,

Arkansas (FCI-Forrest City), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus

(docket entry #1), alleging that the Bureau of Prisons (BOP) has failed to properly compute

his federal sentence.  Respondent has filed a response (docket entry #10), to which

Petitioner replied (docket entry #15).  For the reasons that follow, the petition must be

DISMISSED.[1]

I.

The following facts are undisputed.  On June 4, 1997, Petitioner was arrested by

Oklahoma state authorities, and he was taken into state custody.  At that time, there were

outstanding state charges against Petitioner,[2] as well as a federal indictment on drug

charges.  On August 5, 1997, he was transferred to the custody of the United States

Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*.  See United

States v. Franklin, et al., No. 4:97-cr-00053-HDC-3 (N.D. Okla.) (docket entries #27 & #32,

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #13).

[2]The exact nature of these charges is unclear, but Petitioner alleges that they were for assault with
a deadly weapon, feloniously pointing a weapon, and first degree burglary (docket entry #1, at 6).

& entries on 08/05/1997 & 06/15/1998).[3]  On November 3, 1997, Petitioner pleaded guilty in the United States District Court, Northern District of Oklahoma, to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), & 846.  (Severson Decl.,[4] att. 2.)  On May 19, 1998, the Oklahoma federal district court pronounced a sentence of 120 months.  (Id.)  The Oklahoma district court's judgment is silent as to whether the federal sentence was to run concurrent with or consecutive to any sentence the Oklahoma state court might impose on the outstanding state charges.

On May 28, 1998, Petitioner was returned to the physical custody of the State of Oklahoma.  See Franklin, supra at 06/15/98 entry.  On that day, he pleaded guilty in Oklahoma state court to the state charge of assault and battery with a dangerous weapon, and he was sentenced to ten years of imprisonment in the Oklahoma Department of Corrections (ODC).  The state court judge ordered this sentence to run concurrently with the previously imposed federal sentence.  Petitioner then entered the ODC.

On December 14, 2001, Petitioner was paroled from Oklahoma state custody, and he was placed in the custody of the United States Marshals Service.  On April 22, 2002, he entered the FCI-Forrest City.  (Severson Decl., att. 1 & 3.)  Upon arriving at FCI-Forrest City, the BOP computed Petitioner's federal sentence as commencing on December 14, 2001, thereby construing the federal sentence as running consecutive to the Oklahoma state sentence.  The BOP gave Petitioner four days of jail credit for March 28-29, 1996,

---

[3]The Court has accessed these records electronically.

[4]This is the declaration of Daniel R. Severson, a paralegal specialist with the BOP, attached to docket entry #10.

and April 18-19, 1996, as these were not credited toward service of his Oklahoma state sentence. (Id. att. 1.)

Petitioner objected to the computation of his sentence through the BOP's administrative remedy procedure, asking that his sentence be computed from the date he was "federally arrested" and that his federal sentence be credited with the time he served on his state sentence because they were running concurrently. (Severson Decl., att. 5.) The FCI-Forrest City warden denied his request for relief, and Petitioner appealed to the BOP Regional Director, who affirmed, stating:

> Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, states time spent under a writ of habeas corpus from non-federal custody will not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court "borrows" an individual under the provisions of the writ for the purpose of the court appearance. Contact with the Oklahoma Department of Corrections has confirmed you received credit on your state sentence for all time in custody, except for the four days that [have] been applied to your federal sentence.

> As outlined in Program Statement 5880.28, Title 18 U.S.C. 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit that was applied to your state sentence would be contrary to the intent of this statute.

> You indicate the state judge ordered your state sentence to run concurrently with your federal sentence. However, your federal sentence was not operative when you were sentenced in state court. In addition, an order by the state judge is not binding upon the Bureau of Prisons. The state judge has no statutory authority to commence the federal sentence.

> As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with our policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.

3

When reviewing cases for possible concurrent designation to a state facility, we consider the available information, consistent with Title 18 U.S.C. § 3621, Imprisonment of a Convicted Person. We are also provided guidance in Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence*. In your specific case, we find commencement of your federal sentence by way of a concurrent designation is not consistent with the goals of the criminal justice system.

(Severson Decl., att. 5, at 5-6.)[5] His appeal to the National Inmate Appeals administrator was also denied on the basis that his sentence had been "computed in accordance with all federal statutes and Program Statement 5880.28." (Id. at 3.)

Respondent does not argue that the issues presented are unexhausted. (Severson Decl. ¶ 8.) The Court will, therefore, proceed to the merits.


II.

In this § 2241 habeas petition,[6] Petitioner argues that: (1) his federal sentence began running at the time of his arrest on June 4, 1997; (2) the BOP erred by not giving him credit on his federal sentence for the time he served on his state sentence; and (3) the BOP should be ordered to designate, *nunc pro tunc*, the Oklahoma Department of Corrections as the facility for service of his federal sentence. Petitioner says he should have been given credit on his federal sentence for the time between June 4, 1997 (the date of his arrest) and May 28, 1998 (when he began serving his state sentence), as a period of "pretrial detention." He also says his federal sentence should have been credited for the

---

[5]Attachment 5 consists of documentation of the administrative remedies pursued by Petitioner and the BOP decisions at each level. The pages are not numbered, so they are referenced in the order in which they are attached.

[6]This Court (in the federal district where Petitioner is confined) has subject matter jurisdiction over these claims, as they attack the execution of his federal sentence, that is, the manner in which his sentence is being carried out. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

period he was serving his state sentence (May 28, 1998, to December 14, 2001) because the sentences were running concurrently.  Therefore, according to Petitioner, the BOP should have given him credit on his federal sentence for the entire period from June 4, 1997, to December 14, 2001.

The United States Attorney General, through the BOP, is responsible for imprisoning federal offenders, computing their sentences, and determining how much credit should be awarded for any presentence custody.  United States v. Wilson, 503 U.S. 329, 331-337 (1992); see 28 C.F.R. § 0.96 (2006).   Computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of two steps: first, determining the date on which the sentence "commences," and second, determining the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

Under § 3585(a), a federal sentence commences when the defendant is received for transportation to or arrives at "the official detention facility at which the sentence is to be served."  The BOP is authorized by statute to designate the official detention facility where a defendant will serve his federal sentence.  18 U.S.C. § 3621(b); see Reno v. Koray, 515 U.S. 50, 58 (1995); 28 C.F.R. § 0.96(c).

Petitioner asserts that his federal sentence "commenced" when he was arrested and placed in custody on June 4, 1997, because his arrest was based on an outstanding federal warrant.  Respondent, on the other hand, says that Petitioner was arrested on state charges, that the state always maintained primary jurisdiction over Petitioner, and that he was only temporarily released to federal custody pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried on the federal charges.

When two separate sovereigns exercise jurisdiction over the same person during the same time period, "primary jurisdiction is generally determined by which one first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). The controlling factor is "actual physical custody" of the accused. Id. If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." Id. at 896-97. Issuance of a writ of habeas corpus *ad prosequendum*, which is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction, does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody. Munz v. Michael, 28 F.3d 795, 798 & n.3 (8th Cir. 1994).

The BOP's stated policy is consistent with these principles, providing that, if a prisoner "is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition." BOP Program Statement 5880.28, at 1-12 (emphasis in original).[7]

Petitioner's contention here that he was arrested on federal charges on June 4, 1997, is unpersuasive. At that time, there were outstanding federal and state charges against him. It is undisputed that he was arrested by Oklahoma state authorities and placed in the physical custody of the State of Oklahoma. At several places in the BOP administrative records, it is stated (by both Petitioner and BOP officials without objection)

---

[7]Available at www.bop.gov.

that he was first arrested on state charges.   (Severson Decl., att. 5, at 1, 4, 8.) Furthermore, court records from the Northern District of Oklahoma reflect that he was not arrested on the federal charges at issue here until August 5, 1997, the day he was transferred from state to federal custody pursuant to a writ of habeas corpus *ad prosequendum* for trial and sentencing on those charges.  Franklin, supra at 8/5/97 entry. Immediately upon completion of the federal court proceedings, he was returned to state custody, rather than being committed to the custody of the BOP to begin service of the federal sentence just imposed.  Back in state custody, he was tried on the state charges and began service of his state sentence in the state prison.  On December 14, 2001, he was released to federal authorities for service of his federal sentence.

These facts demonstrate that the State of Oklahoma obtained primary jurisdiction over Petitioner on June 4, 1997, which it did not relinquish until expiration of the state sentence on December 14, 2001.  He was merely "on loan" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum* from August 5, 1997, to May 28, 1998. Therefore, he was in state custody, not federal custody, when his federal sentence was imposed.  At the time of his release to federal authorities on December 14, 2001, he began awaiting transfer to the federal institution designated by the BOP and that is, therefore, the date his federal sentence commenced.  See Cole, 416 F.3d at 897 (because defendant returned to state custody after receiving his federal sentence, rather than being committed into BOP custody, he did not begin serving his federal sentence at that time).

Regardless of any overlapping custodial periods, a federal sentence cannot commence prior to the date it is pronounced.  Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006); BOP Program Statement 5880.28, at 1-13.  As the Oklahoma district court

did not pronounce the federal sentence until May 19, 1998, Petitioner's sentence could not have commenced before then.  (See Severson Decl., att. 2.)

The next inquiry is whether Petitioner is entitled to credit on his federal sentence, under 18 U.S.C. § 3585(b), for any time spent in custody before commencement of his federal sentence.  Section § 3585(b) provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
>
> that has not been credited against another sentence.

The determination of whether a defendant should be given credit for time served under this statute "is properly left to the Bureau of Prisons" and is made only "after the defendant begins his sentence."  United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

First, it is undisputed that the custodial periods in question (June 4, 1997, to December 14, 2001) were credited against Petitioner's state sentence.  (See Severson Decl., att. 5, at 5.)  Under § 3585(b), a defendant can receive credit on a federal sentence only for time "that has not been credited against another sentence."  The Supreme Court has made it clear that the statute prohibits a defendant from receiving "a double credit for his detention time."  Wilson, 503 U.S. at 337.  See also Baker v. Tippy, No. 99-2841, 230 F.3d 1362 (8th Cir. 2000) (unpub. table op.) (federal defendant not entitled to "additional credit against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal

charges on a federal offense, and the date his state sentence expired); <u>United States v.</u> <u>Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Petitioner argues that he is entitled, under 18 U.S.C. § 3584 and § 5G1.3 of the United States Sentencing Guidelines, to have the time spent in state prison on Oklahoma state charges credited against his federal sentence because the state court directed that they be served concurrently. Alternatively, he contends that the BOP should have designated that he serve his federal sentence in the ODC, *nunc pro tunc.*

Section 3584 does not mandate that these sentences be construed as concurrent. This statute, governing multiple imprisonment terms, provides:

> (a) Imposition of concurrent or consecutive terms. – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.] ... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

This statute, and the related Guidelines provision, apply when a defendant receives a federal sentence and he "is already subject to an undischarged term of imprisonment." Here, when Petitioner received his federal sentence, there was no other undischarged imprisonment term. Instead, there were pending state charges for which he had not been tried, convicted or sentenced, a situation not directly addressed by the statute or the Guidelines. <u>See Cole</u>, 416 F.3d at 897 (§ 5G1.3(c) not available to permit federal court to order concurrent federal and state sentences where defendant had not yet been sentenced in state court). Both the Eighth Circuit (where Petitioner is now incarcerated) and the Tenth

Circuit (where his federal sentence arose) have held that a federal district court has discretion to decide whether a federal sentence should be consecutive to or concurrent with a yet-to-be-determined state sentence. Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006); United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001).

The problem here is that, although the Oklahoma district court had the authority to exercise discretion in this regard, the federal judgment is silent on the issue. Nothing in the documentation submitted suggests that the Oklahoma district court expressed a recommendation one way or the other. BOP policy addresses this situation as follows:

> On occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court. If the just imposed federal sentence is ordered to run concurrently with a non-existent term of imprisonment, then the [BOP] shall designate the non-federal place as the place to serve the federal sentence as of the date that the federal sentence was imposed. **If the federal sentence is silent**, or ordered to run consecutively to the non-existent term of imprisonment, **then the federal sentence shall not be placed into operation until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner.**

BOP Program Statement 5880.28, at 1-32A (emphasis added).

As stated earlier, the BOP did not gain "exclusive" custody of Petitioner until December 14, 2001, when he was released from the primary jurisdiction of the State of Oklahoma.   That is when his federal sentence commenced.  It was not unreasonable for the BOP to refuse to read into the sentencing court's judgment – three years after the fact – a provision that the federal sentence was to have been served concurrently with a state sentence that had not even been imposed at the time of the federal sentencing.  This policy is consistent with § 3584's treatment of multiple, already-imposed imprisonment

terms, providing that sentences "imposed at different times run consecutively **unless** the court orders that the terms are to run concurrently." This statutory language clearly expresses a preference for consecutive sentences in the absence of a contrary direction from the federal sentencing court, and it was not an abuse of discretion for the BOP to employ this same preference regarding future sentences. See Mayotte, 249 F.3d at 799.

The Oklahoma state court's order for concurrent sentences does not dictate a different result. While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP. Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005); Leal v. Tombone, 341 F.3d 427, 428-30 (5th Cir. 2003); United States v. Williams, 46 F.3d 57, 58 (10th Cir. 1995); Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1990). Rather, the BOP has discretionary authority to designate where a federal prisoner will serve his federal sentence pursuant to 18 U.S.C. § 3621(b). Abdul-Malik, 403 F.3d at 76. Only where the BOP specifically designates the state facility will a prisoner receive credit on his federal sentence for time spent incarcerated in a state prison. Barden, 921 F.2d at 480. Moreover, to the extent that the federal court's sentencing order (which was silent on the issue) conflicts with the later state sentencing order (which directed concurrent terms), the federal order controls. Mayotte, 249 F.3d at 799.

Petitioner's final argument is that the BOP should have designated the state prison as the facility for service of his federal sentence. The BOP is authorized by statute to designate a non-federal facility as the place where a federal prisoner will serve a federal term of imprisonment. 18 U.S.C. § 3621(b); see BOP Program Statement 5160.05(7) (Severson Decl., att. 4).

The BOP will designate a state institution for concurrent service of a federal sentence "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Id. 5160.05(3)(a) & (8).  In exercising its discretion to make such a designation, the BOP is to consider: the inmate's disciplinary history, his institutional adjustment, any recommendations of the wardens at the state and federal institutions, any recommendations by the United States Attorney, the intent of the federal sentencing court "if available," and "any other pertinent information." Id. 5160.05(8). Normally, the BOP will designate a non-federal institution "when it is consistent with the federal sentencing court's intent," which is usually established through language in the federal sentencing court's judgment. Id. 5160.05(9)(b).

The federal courts, and the BOP's stated policy, recognize that the BOP also has the statutory authority to decide whether a state prison where an inmate served a state sentence should be designated as a place of federal confinement *nunc pro tunc*, i.e., occurring now as though it had occurred in the past. Barden, 921 F.2d at 480-83; BOP Program Statement 5160.05(9)(b)(4).  BOP policy requires that an inmate's request for presentence credit toward a federal sentence for time spent in service of a state sentence be considered as a request for *nunc pro tunc* designation pursuant to Barden. Id. 5160.05(9)(b)(4).  While under no obligation to grant such a request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." Id. 5160.05(9)(b)(4)(a).  This type of designation "is ordinarily made only upon the recommendation of the [federal] sentencing court." Id. 5880.28, at 1-13.

Here, the Court cannot find that the BOP abused its discretionary authority by declining to make a *nunc pro tunc* designation of the ODC as the facility for Petitioner to serve his federal sentence.  The BOP specifically referenced the applicable authorities – <u>Barden</u>, 18 U.S.C. §§ 3584(a), 3585(b) & 3621, and BOP Program Statements 5160.05 and 5880.28  – indicating that the appropriate factors were considered, and found that a concurrent designation was "not consistent with the goals of the criminal justice system." (Severson Decl., att. 5, at 3, 5-6, 8.)   The BOP's administrative decisions state that Petitioner's "file" was reviewed and that the ODC and the Tulsa County Sheriff's Department were contacted.  (<u>Id.</u> at 5, 8.)  Neither party has presented any evidence regarding Petitioner's disciplinary history or institutional record, or any evidence of recommendations from any prison officials or the prosecutors as to whether designation to the Oklahoma state prison would be appropriate.  As stated, the federal sentencing judgment did not reference the pending Oklahoma state charges or make any recommendation regarding a prospective state sentence arising from those charges or whether any such sentence should run concurrently with the federal sentence.  In fact, the only recommendation is that the BOP designate a facility "in Arkansas," which would be inconsistent with designation of an Oklahoma state prison.  (Severson Decl., att. 2 at 2.)  While the state sentencing court did direct concurrent sentences, the state court's order was not binding on the BOP in exercising its discretion to designate the place for Petitioner to serve his federal sentence.  Moreover, there is no evidence or allegation that the federal and state charges were related in any way or stemmed from the same events.

Petitioner asserts that the federal judge stated on the record that he was entitled to "all time spent in federal detention" (docket entry #1, at 7).  While this may be true,[8] it is clear that Petitioner was given credit, either on his state sentence or on his federal sentence, for all presentence detention by either state or federal authorities.  As stated earlier, he is not entitled to double credit.  He also states that the United States Attorney agreed to the plea agreement in state court that the state sentence would be concurrent with the federal sentence (docket entry #1, at 8).  However, no documentation has been submitted that supports this assertion, nor did Petitioner make this known to the BOP at any time during the administrative proceedings.  (See Severson Decl., att. 5, at 1-2, 4, 7.)

The Court is troubled by the BOP's failure to articulate its reasons for denying Petitioner's request for *nunc pro tunc* designation, as well as its failure to contact the federal sentencing court to confirm its intent regarding any future sentence on Petitioner's pending state charges.  However, nothing in Barden or the BOP policy requires the BOP to contact the sentencing court or articulate its reasons.  Rather, BOP policy requires that the federal sentencing court be contacted only "**if** a designation for concurrent service may be appropriate."  BOP Program Statement 5160.05(9)(b)(4)(c) (emphasis added).  The policy further provides that, "[n]o letter need be written if it is determined that a concurrent designation is not appropriate."  Id. 5160.05(9)(b)(4)(e).  Furthermore, as set forth above, independent assessment of the factors identified in Program Statement 5160.05 supports the BOP's discretionary decision to deny concurrent *nunc pro tunc* designation.

---

[8]Neither party has submitted the transcript of Petitioner's federal sentencing.

III.

Petitioner also asserts that his federal defense counsel was ineffective for failing to request the Oklahoma district court to continue the federal sentencing hearing until the state charges had been prosecuted to completion and sentences imposed.  He says that, if such a continuance had been granted, the Oklahoma district court would have had full discretion and ability to run the federal sentence concurrent to the already-imposed state sentence (docket entry #1, at 13-14).

Claims regarding an attorney's performance at a federal sentencing implicate the validity of the defendant's sentence and thus must be brought in the court where the defendant was sentenced via a 28 U.S.C. § 2255 motion to vacate, set aside or correct. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S. Ct. 2984 (2005); see § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  The defendant cannot utilize a 28 U.S.C. § 2241 habeas petition, filed in the district of his confinement, to challenge his sentence unless he demonstrates that § 2255 is "inadequate or ineffective." Abdullah, 392 F.3d at 959.  The § 2255 remedy is not inadequate or ineffective merely because a motion under that section is time-barred. Id.; see § 2255 ¶ 6 (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion).

Court records for the Northern District of Oklahoma reflect that Petitioner filed a § 2255 motion there, which was denied as untimely, and that he voluntarily withdrew his subsequent appeal to the Tenth Circuit Court of Appeals. Franklin, supra at docket entries #209, #210, #212, #217.  Petitioner has not alleged, much less met his burden of

demonstrating, that the § 2255 remedy was "inadequate or ineffective" for him to pursue his ineffective-assistance claim.  Therefore, this Court does not have jurisdiction over that claim.  See Abdullah, 392 F.3d at 958.

Furthermore, under the law in the Tenth Circuit, the federal court did have discretion at the time of sentencing to determine whether the federal sentence would run concurrently with a yet-to-be-imposed state sentence.  Binford, 436 F.3d at 1254.  It was not necessary for counsel to request continuance of the federal sentencing proceeding, nor is there a reasonable likelihood that such a request would have been granted.  See Strickland v. Washington, 466 U.S. 668, 694 (1984) (to demonstrate prejudice from counsel's deficient performance, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); Fed. R. Crim. P. 32(b)(1) (federal court "must impose sentence without necessary delay").


IV.

In summary, Petitioner's challenges to the computation of his federal sentence are without merit, and this Court lacks jurisdiction to consider his claim of ineffective assistance of counsel.  Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1) is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED this 20th day of July, 2006.


_____
UNITED STATES MAGISTRATE JUDGE